CHARLESTON SOUTH CAROLINA MIN. & MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1917.)

No. 3085.

1. PUBLIC LANDS ⊚⟾120—FORFEITURE—ACTIONS—PARTIES.
   In a suit by the United States to recover from defendant land deeded to it by the state of Florida, which was located by the state under Rev. St. §§ 2275, 2276, as amended (Comp. St. 1916, §§ 4860, 4861), authorizing selection in lieu of school land of any unappropriated surveyed public lands not mineral in character, on the ground that false affidavits that the land was not mineral in character were made on behalf of, and instigated by, defendant, whereby the selection was approved, the holder of a mortgage on all the property of defendant given to secure a bond issue is a proper and necessary party.

2. PUBLIC LANDS ⊚⟾120—FORFEITURE—NECESSARY PARTIES—UNIMPORTANCE OF CONTROVERSY.
   In such case, though the lands were worth only a few hundred dollars, and the bond issue was for $15,000,000, failure to join the mortgagee cannot be upheld on that ground, for the maxim "de minimis" could as well be applied to the entire case as to the mortgagee's claim.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by the United States against the Charleston South Carolina Mining & Manufacturing Company. From decree for plaintiff, defendant appeals. Reversed, with instructions to dismiss, unless plaintiff make another a party defendant.

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

W. W. Hampton and W.-W. Hampton, Jr., both of Gainesville, Fla., for appellant.

H. S. Phillips, U. S. Atty., of Jacksonville, Fla.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

BATTS, Circuit Judge. The United States instituted this suit to recover from appellant land deeded to it by the state of Florida, located by the state under sections 2275 and 2276 of the Revised Statutes, as amended (Comp. St. 1916, §§ 4860, 4861), authorizing it to select, in lieu of school land lost to it, any unappropriated, surveyed, public lands, not mineral in character. It was alleged that false affidavits as to the character of the land were made on behalf of and instigated by appellant, whereby the selection was approved, that the lands were valuable chiefly for their minerals, and that the deed was void. There was a prayer that the land be adjudged the property of the United States, free from the claim of defendant or any one claiming under it.

[1] The defendant, among other defenses, set up that after the purchase of the land, and before the institution of the suit, it executed to the Central Trust Company of New York a mortgage upon the land and other property to secure a bond issue of $15,000,000. When this suit was instituted, the mortgage was of record in the county in which the land is situate. The mortgagee was a proper and necessary party. The facts may be such as to entitle it to protection, notwithstanding judgment against defendant. It may have had the standing of an innocent purchaser for value without notice.

[2] It was insisted in oral argument that it was not necessary to make the trust company a party because the land in controversy constituted an unimportant part of its security, being worth only a few hundred dollars, and the debt secured being $15,000,000. Constitutional rules and equitable principles protecting property rights apply as well to small amounts of property as large—as well to large owners of property as to small. The maxim "de minimis" could as well be applied to the entire case as to the trust company's claim.

The case should be reversed, with instructions to dismiss, unless plaintiff make the trust company a party. It is accordingly so reversed.